IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRISTAN SHERRILL, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | Case No. 4:10-CV-690 |
| RACETRAC PETROLEUM, INC., d/b/a Racetrac or Raceway, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER QUASHING PLAINTIFF'S NOTICES OF DEPOSITION

The following are pending before the court:

1. Defendant's motion for protective order quashing Plaintiff's notices of deposition (docket entry #12);

2. Plaintiff's response to Defendant's motion for protective order quashing Plaintiff's deposition notices (docket entry #15); and

3. Defendant's reply to Plaintiff's response to motion for protective order quashing Plaintiff's notices of deposition (docket entry #16).

Having considered the Defendant's motion and the responsive briefing thereto, the court finds that the same should be granted.

The Plaintiff brought this class action lawsuit against the Defendant for alleged violations of the Electronic Fund Transfer Act. Discovery has progressed; however, the Defendant is apparently dissatisfied with the Plaintiff's responses to the Defendant's discovery requests. On July 1, 2011, the Plaintiff served deposition notices on Stacey Freeman, Arthur Siccardi, and Jamie

-1-

Craton, the Defendant's corporate representatives. The depositions are scheduled to take place on July 20, 2011 in Dallas, Texas at the Defendant's attorneys' office.

In its motion to quash, the Defendant argues that the witnesses noticed to be deposed are not available on July 20, 2011. It appears that the Plaintiff is willing to reschedule the depositions to a mutually agreeable time. Accordingly, the court need not address this issue.

The Defendant further argues that because the Plaintiff has failed to adequately respond to its discovery requests, the Defendant should not be required to produce its corporate representatives for deposition until such time that the Plaintiff provides sufficient responses to the Defendant's discovery requests. The Plaintiff did not address this issue. Likewise, the court need not address this issue. The Defendant has not yet filed a motion to compel. Until the Defendant does so and the Plaintiff has an opportunity to respond, the court declines the Defendant's invitation to address the Defendant's discovery issues at this time.

Finally, the Defendant argues that the Plaintiff improperly noticed the depositions of its corporate representatives in Dallas. The Defendant notes that all three witnesses reside in Georgia and the Defendant's principal place of business is located in Atlanta, Georgia. Accordingly, the Defendant contends that the depositions should have been noticed to take place in Atlanta, Georgia. In response, the Plaintiff argues that the Defendant's attorneys' office in Dallas, Texas is a reasonable place for the depositions to occur.

"Although the examining party may set the place for deposition of another party subject to a court's protective order, a corporations's agents and officers are normally deposed at the corporation's principal place of business and a witness is normally deposed at his residence or place of employment." *Mediatek, Inc. v. Sanyo Electric Co. Ltd.*, 2006 WL 5709449, *1 (E.D. Tex. 2006)

(citations omitted). "This is so because it is the plaintiff who chooses the forum for suit; thus, 'plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.'" *Id*. (citation omitted).

"The movant bears the burden to show good cause for the necessity of a protective order." *Id*. (citation omitted). "In showing good cause, the movant must demonstrate specific facts that support its position rather than mere conclusory statements." *Id*. (citations omitted). "A court has broad discretion to decide the appropriate location of a deposition and may attach conditions, such as the payment of expenses, on the location." *Id*. (citation omitted).

"Although the defendant is normally deposed at its place of business, courts weigh several factors in determining whether to permit the deposition somewhere else." *Id*. (citation omitted). "These factors include: (1) whether the parties' counsel are located in the forum district, (2) the number of corporate representatives the plaintiff seeks to depose, (3) whether the defendant has chosen a corporate representative that lives outside the principal place of business and forum district, (4) the likelihood of significant discovery disputes that require the court's resolution, (5) whether the deponents often travel for business purposes, and (6) the equities related to the nature of the claim and the parties' relationship." *Id*. (citations omitted).

Here, the Plaintiff seeks to depose the Defendant's three corporate representatives, all of whom reside in Georgia. Given that this is a class action, the potential class members could be located in any number of states. As such, it is only appropriate that the Plaintiff travel to Atlanta, Georgia to depose the Defendant's corporate representatives. Accordingly, the court hereby **GRANTS** the Defendant's motion for protective order quashing the Plaintiff's notices of deposition (docket entry #12). The parties shall confer to reach a mutually agreeable date and time for the

depositions of the Defendant's three corporate representatives. The depositions of the three corporate representative shall take place in Atlanta, Georgia.

   IT IS SO ORDERED.

   **SIGNED this the 18th day of July, 2011.**

                 _____
                 RICHARD A. SCHELL
                 UNITED STATES DISTRICT JUDGE